

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2005

# Bregu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bregu v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1353.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1353

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1534

SPIRO BREGU,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A94-752-403)

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed April 15, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Spiro Bregu petitioned this Court for review of a decision by the Board

of Immigration Appeals ("BIA") denying his application for political asylum, as well as

his claims for withholding of removal under the Immigration and Nationality Act ("INA")

and protection under the Convention Against Torture ("CAT").  Our jurisdiction arises

under 8 U.S.C. § 1252(a). We will deny the petition for review.

## I.

Bregu, a native of Albania, entered the United States without a valid entry

document in August of 2001.  Within one year, he filed a written application for asylum

asserting that he had been persecuted by Albania's Socialist Regime, who had seized

power from the Democratic Party following a large-scale financial collapse and ensuing

chaos over a span of months in 1997.  Bregu first appeared before the Immigration Judge

("IJ") on October 29, 2002 and, through counsel, conceded that he was subject to

removal.  He sought relief through asylum and withholding of removal.[1]

At a hearing regarding his claims for protection, Bregu testified before the IJ that:

1) he joined the Democratic Party in 1992 as a sympathizer; 2) at some point after the

Socialist Party took power in 1997, he had participated in a political demonstration,

during which he was attacked and beaten, requiring hospitalization for, among other

injuries, a broken elbow; 3) almost immediately after his release from the hospital, on

approximately September 17, 1998, he was arrested in his home by police, who held him

for two days and questioned him regarding the Democratic Party, but did not injure him;

---

[1]Bregu did not assert a claim under the CAT before the IJ but, in rendering her opinion,
the IJ nevertheless addressed the issue, and Bregu now argues on appeal he is entitled to
its protection.

4) he commenced hiding with cousins in the town of Pontarit, where he remained for four to five years, to ensure his safety; and 5) in May 1999 he learned that his brother had been shot in the head while walking home – Bregu first stated before the IJ that he did not know who the shooter was and the police failed to investigate and then later in his testimony surmised that it must have been the socialists *because* the police had failed to investigate. In addition, Bregu submitted as evidence a hospital certificate stating that he had been admitted with a broken hand "for the period of time from March 15-30, 1997," as well as a certificate from the Korce police department attesting that Bregu had been arrested for participating in a democratic inspired protest on September 14, 1998.

In an oral decision, the IJ denied Bregu's asylum application based on a finding that Bregu's testimony was not credible – to the contrary, the IJ found his testimony to be "completely incredible" and concluded that the case was "an invention." May 14, 2003 IJ Oral Op. at 10. The IJ was troubled by, and found Bregu lacked credibility based upon, discrepancies between his asylum application and his hearing testimony. The IJ also expressed disbelief as a result of the internal inconsistencies in Bregu's own testimony as well as between the oral testimony he gave and the documentary evidence he presented at the hearing. Finally, the IJ noted that, even if deemed credible – as to the demonstration, subsequent injuries, hospital stay and police detention – Bregu had not since encountered any issues with the [Socialist Party] police. Id. at 11.

The BIA affirmed, concluding that "the Immigration Judge's adverse credibility

3

finding is adequately supported by the record." It agreed with the IJ that "[t]here were significant inconsistencies on a number of issues, including dates the respondent was allegedly in hiding and the dates of incidents of claimed persecution." Feb. 12, 2004 BIA Op. at 1. Bregu timely appealed to this Court.

## II.

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252. The Attorney General may grant asylum to any alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The burden to prove a well-founded fear of persecution lies with the applicant, who must establish a genuine fear of persecution and demonstrate that a reasonable person in the same circumstances similarly would fear persecution.

An application for asylum also constitutes an application for withholding of removal under INA § 241(b)(3)(A). See 8 C.F.R. § 1208.3(b) (2004). To establish entitlement to this protection, an alien, such as Bregu, must show there exists a "clear probability" that he will be persecuted on account of a specified ground, in this case his ties to the Democratic Party, if returned to Albania. See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). This standard requires a showing that "it is more likely than not that the alien would be subject to persecution" upon return to the alien's home country.

4

INS v. Stevic, 467 U.S. 407, 424; 81 L. Ed. 2d 321; 104 S. Ct. 2489 (1984). Where an

alien is unable to demonstrate entitlement to asylum, he likewise cannot meet the stricter

standard required to secure withholding of removal. Lukwago v. Ashcroft, 329 F.3d 157,

182 (3d Cir. 2003).

To obtain relief under CAT, Bregu must establish "'that it is more likely than not

that he . . . would be tortured if removed to the proposed country of removal.'" Sevoian

v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)).

Unlike establishing a "reasonable fear of persecution" for asylum, "the standard for relief

[under CAT] has no subjective component, but instead requires the alien to establish, by

objective evidence, that he is entitled to relief." Id. at 175 (citation and internal

quotations omitted). With respect to entitlement to all of these forms of relief, the

applicant's own testimony may be sufficient to establish eligibility, so long as the

testimony is credible. See 8 C.F.R. § 208.13(a). Indeed, "[a]n alien's credibility, by

itself, may satisfy his burden or doom his claim." Dia v. Ashcroft, 353 F.3d 228, 247 (3d

Cir. 2003) (en banc).

Where, as here, the BIA issues a decision on the merits and not simply a summary

affirmance, we review the decision of the BIA, not the IJ. Gao v. Ashcroft, 299 F.3d 266,

271 (3d Cir. 2002). Whether or not Bregu has demonstrated past persecution or a

well-founded fear of future persecution is a factual question that we review under the

substantial evidence standard. We may reverse the BIA's decision only if "any

5

reasonable adjudicator [would] be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Therefore, we must uphold the BIA's factual findings if they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Zhen Hua Li v. Attorney General of the United States, 2005 U.S. App. LEXIS 4013, *9-10 (3d Cir. March 10, 2005) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481, 117 L. Ed. 2d 38, 112 S. Ct. 812 (1992)).

## III.

The BIA found that the IJ's adverse credibility determination was adequately supported by the record due to "significant inconsistencies on a number of issues, including dates the respondent was allegedly in hiding and the dates of incidents of claimed persecution." Feb. 12, 2004 BIA Op. at 1. As noted in the oral decision of the IJ, part of the record before us, Bregu's testimony regarding the dates and events described above were inconsistent and conflicting on several fronts with the documents he initially submitted in support of asylum. For example, on his asylum petition, he failed to mention the five-year period that he allegedly spent hiding with his cousins on account of his involvement with the Democratic Party before coming to America. The IJ stated that his claim of need to hide did not fit with his other claims noting that Bregu was "either exaggerating the number of years . . . or, in the alternative is lying about it completely, or . . . does not provide a sensible chronology of the facts in his case." May 14, 2003 IJ Oral Op. at 8.

6

In Zubeda v. Ashcroft, 333 F.3d 463, 476–77 (3d Cir. 2003), we observed that an IJ should be cautious before placing too much weight on a discrepancy between an asylum application and subsequent testimony. Caution is required in light of the numerous factors that might make it difficult for an alien to articulate his circumstances, including language difficulties. Even so, Bregu's testimony is at odds in terms of both substance and chronology with his prior statements. The IJ found that Bregu's testimony "is an invention and not worthy of belief" (May 14, 2003 IJ Oral Op. at 10), and the BIA affirmed. Assuming the worst of the events alleged by Bregu to have occurred, he did not offer credible evidence that the events were motivated by his own personal involvement in the Democratic Party. Finally, the fact that he was able to live for several years in Albania without incident undermines the likelihood of any persecution upon return.

Given Bregu's failure to adequately explain inconsistencies in his testimony and asylum application, and failure to offer credible evidence concerning the likelihood of future persecution in Albania, we conclude that the BIA's affirmance of the IJ's adverse credibility determination and denial of relief were based on substantial evidence.

For the reasons stated above, we will DENY the petition for review.